# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

YVONNE E. RABON,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. 09-CV-756-TLW
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
        Defendant.                  )

## OPINION AND ORDER

Plaintiff Yvonne E. Rabon seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. § 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 8). Any appeal of this decision will be directly to the Tenth Circuit.

## Standard

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. § 416.912(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by (an individual's) statement of symptoms." 20 C.F.R. § 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a).

## Issues

Plaintiff argues that the ALJ's Decision should be reversed for the following reasons:

1. The ALJ failed to make a proper determination at step 4 of the sequential evaluation process.
2. The ALJ failed to make a proper credibility determination.

(Dkt. # 14 at 2).

## Discussion

Plaintiff argues that the ALJ failed to make a proper determination at step 4 of the sequential evaluation process, because the ALJ did not consider plaintiff's depression. (Dkt. # 14 at 2). Plaintiff's argument is without merit. Her depression is mentioned six times in the

record, twice at the hearing on March 19, 2009, and in four different medical records dating from July, 2008 through March, 2009. (R. 50, 56, 150, 367-69). One of the records is undated. (R. 150). None of the records indicate that plaintiff's depression is an impairment. The records merely note that plaintiff has "depression" and is taking medication for it. Id.

Moreover, defendant correctly notes that plaintiff never raised this issue before the ALJ or the Appeals Council. At the hearing, the ALJ asked plaintiff's counsel to state his theory of the case. He said:

> We have two theories, Your Honor. One would be 96, SSR-96AP. The claimant because of the severity of her physical complaints would be unable to maintain SGA, basically because of her need to recline throughout the day, and also because of her what I call bad days, because of her asthma that requires a lot of rest, and a lot of use of her inhalers. It would interfere with any kind of full-time employment. The second theory is Table 1. And it would be 2/01, 2/01/02.

(R. 23). Nowhere does plaintiff's counsel identify "depression" as an issue.[1] Furthermore, in response to her counsel's questions, plaintiff testified that her ankle is the reason that she feels she is disabled. (R. 26). When asked later if she was "having any other problems that would interfere with . . ." household activities, plaintiff said, "My asthma." (R. 30). Near the end of the hearing, plaintiff was even more definitive:

> Q [by plaintiff's counsel] Whether or not you had any problems that we haven't talked about? We talked about the ankle pain. You've talked about your shortness, or your breathing problem. And you've talked about your drowsiness. Any, any other problem?
>
> A No.

(R. 34). Later in the hearing plaintiff told her counsel, "They say I was depressed, for depression and osteopenia. They put me on some kind of osteo medicine." (R. 46). Plaintiff's counsel did not follow up with any questions about plaintiff's "depression." In fact, Plaintiff's counsel did

---

[1] The statement regarding "bad days," as the transcript later makes clear, is a reference to plaintiff's difficulties with her ankle. (R. 27-29). It is not a reference to emotional difficulties.

not ask a single question about her "depression."  It is understandable that the ALJ did not

consider plaintiff's depression, since neither plaintiff, nor her counsel, ever alleged that it was an

impairment of any kind.

Moreover, even if plaintiff's argument is that the ALJ failed to develop the record

regarding her depression, this argument fails as well.  In Wall v. Astrue, 561 F.3d 1048, 1063

(10th Cir. 2009), the Tenth Circuit considered this issue:

> Several preconditions inform an ALJ's duty to develop the administrative record.
> Under normal circumstances, the ALJ may reasonably rely on counsel to identify
> the issue or issues requiring further development.  Moreover, a claimant need not
> only raise the issue she seeks to develop, but that issue must also be substantial on
> its face.  Specifically, the claimant has the burden to make sure there is, in the
> record, evidence sufficient to suggest a reasonable possibility that a severe
> impairment exists.
>
> Because neither Claimant, nor her counsel, argued that memory loss contributed
> to Claimant's alleged disability, the ALJ did not err, under our precedents, in
> declining to develop the record in this regard.  While Claimant did state that she
> suffered from some memory loss, a mental impairment must be of a nature and
> degree of severity sufficient to justify its consideration as the *cause of failure to
> obtain any substantial gainful work.*  A minor impairment of one's memory,
> which most individuals suffer as they age, does not rule out all substantial gainful
> activity.  Neither Claimant nor her counsel ever argued that a cognitive
> impairment contributed to Claimant's inability to work.  In fact, when asked what
> conditions hindered her from looking for employment, Claimant stated that
> migraines, pain in her neck and back, and diabetes prohibited her from working.
> As such, the ALJ could reasonably assume that Claimant's stated memory loss
> had no bearing on the question of [her] alleged disability.

Id. (citations and quotations omitted).  This case is no different.

Because the ALJ did not consider plaintiff's depression, plaintiff further argues that the

ALJ did not perform a proper Winfrey analysis.  Plaintiff makes a vague and unsupported

allegation that the ALJ "must first determine the [plaintiff's] RFC.  She did this phase

improperly, causing phases two and three to fail."  (Dkt. # 14 at 3).  The only specific objection

plaintiff raises is that the ALJ "did not determine the mental demands of [plaintiff's] PRW, nor

did she inquire of the VE about them." As set forth above, Plaintiff did not allege that she had any mental impairments. Thus, this argument is rejected.

Next, plaintiff argues that the ALJ did not perform a proper credibility analysis. An ALJ's credibility finding must be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Hill v. Astrue, 289 Fed. Appx. 289, 294 (10th Cir. 2008) (unpublished).[1] Nonetheless, an ALJ's credibility findings warrant particular deference, because he is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002). Also, although the ALJ should not ignore subjective complaints, he is not obligated to believe them. See Williams v. Bowen, 844 F.2d 748, 754-55 (10th Cir. 1988). The ALJ can look to objective indicators of pain such as attempts to find relief, use of medications, regular contact with doctors, and daily activities. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).

Plaintiff's argument fails entirely. The ALJ performed an extremely detailed credibility analysis, tying specific evidence to her findings. (R. 15-18). The ALJ explicitly considered plaintiff's testimony (e.g., her testimony that she is the primary caretaker for her two grandchildren (R. 15-16), the medical evidence (R. 16-17), plaintiff's activities of daily living (R. 17), plaintiff's ankle examination, which showed her fracture was well-healed id., plaintiff's use of inhalers to relieve her asthma symptoms id., plaintiff infrequent medical treatment for her asthma and her ankle problems id., and the failure of any examining physicians to note any

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

specific restrictions or limitations (R. 18). The ALJ's credibility determination was clearly supported by substantial evidence.

## Conclusion

Thus, the Court finds that the ALJ's opinion is supported by substantial evidence and that the correct legal standards were applied. The Court AFFIRMS the decision of the Commissioner.

SO ORDERED this 29th day of March, 2011.


_____
T. Lane Wilson
United States Magistrate Judge